IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOHN KEITH SWEARINGEN, }<br>        *Plaintiff* }<br>}<br>v. }<br>}<br>A2D TECHNOLOGIES, }<br>        *Defendant* } | CIVIL ACTION NO. H-04-0550 |

## MEMORANDUM OPINION AND ORDER

### I. INTRODUCTION

Pending before the court in this Age Discrimination in Employment Act ("ADEA") case is Defendant's motion for summary judgment (Doc. 13). For the reasons set forth below, the court ORDERS that the Defendant's motion is GRANTED.

### II. FACTUAL BACKGROUND

Defendant A2D Technologies ("A2D") is in the business of maintaining digital well log data and providing data conversion and data management services to companies in the oil and gas industry. In 2001, A2D hired Plaintiff John Kieth Swearingen ("Swearingen") to work as an indexer. He was forty-three years old. That same year, Swearingen was promoted to the position of shift lead. As shift lead Swearingen was responsible for supervising indexers in the Data Acquisitions Service department ("DAS"). At that time A2D was satisfied with Swearingen's job performance, and a laudatory review was placed in his personnel file by his supervisor.

Two years later, at age forty-five, Swearingen was fired. A2D's articulated reasons for dismissing him are that he (1) watched and listened to baseball games on a television he brought to work; (2) listened to baseball games and comedy CDs on a radio he brought to work; (3) wore headphones during his shift; (4) made racially derogatory jokes and/or comments; and (5) threatened his coworkers. A2D did not immediately replace Swearingen.

After his termination, Swearingen filed a claim with the EEOC for age based discrimination. The EEOC issued a no cause determination and right to sue notice. Thereafter, Swearingen began the instant case. One month after Swearingen filed this suit in federal court and eight months after his termination, A2D filled the shift lead position with a twenty-eight year old.

### III.   APPLICABLE LAW

#### A.  Summary Judgment

The movant seeking a federal summary judgment initially must inform the court of the basis for his motion and point out those portions of the pleadings, depositions, answers to interrogatories, and admissions on file that demonstrate the absence of a genuine issue of material fact and show that he is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant need not negate the opposing party's claims nor produce evidence showing an absence of a genuine factual issue, but may rely on the absence of evidence to support essential elements of opposing party's claims. *International Assoc. of Machinists & Aerospace Workers, Lodge No. 2504 v. Intercontinental Mfg. Co.*, 812 F.2d 219, 222 (5th Cir. 1987). The burden then shifts to the non-movant to set forth specific facts and competent summary judgment evidence to raise a genuine issue of material fact on each essential element of any claim on which he bears the burden of proof at trial. Fed. R. Civ. P. 56(c). The substantive law governing the suit identifies the essential elements of the claims at issue and therefore indicates which facts are material. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The non-moving party may not rest on mere allegations or denials in its pleadings, but must produce affirmative evidence and specific facts. *Anderson*, 477 U.S. at 256-57. He meets this burden only if he shows that "a reasonable jury could return a verdict for the non-moving party." *Id.* at 254. A mere scintilla of evidence will not preclude granting of a motion for summary judgment. *Id.* at 252.

All reasonable inferences must be drawn in favor of the non-moving party. *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574. 587-88 (1986), citing *United*

*States v. Diebold*, 369 U.S. 654, 655 (1962). Once the burden of proof has shifted to the non-movant, he "must do more than simply show that there is some metaphysical doubt as to the material facts." *Id*. at 586. Instead he must produce evidence upon which a jury could reasonably base a verdict in his favor. *Anderson*, 477 U.S. at 249. "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.*, 477 U.S. at 249-50. Moreover the non-movant must "go beyond the pleadings and by her own affidavits or by depositions, answers to interrogatories and admissions on file, designate specific facts that show there is a genuine issue for trial." *Webb v. Cardiothoracic Surgery Assoc. of North Texas, P.A.*, 139 F.3d 532, 536 (5th Cir. 1998). Unsubstantiated and subjective beliefs and conclusory allegations and opinions are not competent summary judgment evidence. *Grimes v. Texas Dept. of Mental Health and Mental Retardation*, 102 F.3d 137, 139-40 (5th Cir. 1996); *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir.), *cert. denied*, 513 U.S. 871 (1994); *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir.), *cert. denied*, 506 U.S. 825 (1992). Nor are pleadings summary judgment evidence. *Wallace v. Texas Tech University*, 80 F.3d 1042, 1046 (5th Cir. 1996), *citing Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(*en banc*). The non-movant cannot discharge his burden by offering vague allegations and legal conclusions. *Salas v. Carpenter*, 980 F.2d 299, 305 (5th Cir. 1992); *Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 889 (1990). Nor is the district court required by Rule 56 to sift through the record in search of evidence to support a party's opposition to summary judgment. *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998), *citing Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir.), *cert. denied*, 506 U.S. 832 (1992).

### B. Discriminatory Discharge Claims under the ADEA

A *prima facie* claim of age discrimination requires plaintiff to show that (1) he was discharged**;** (2) he was qualified for the position; (3) he was within the protected class at the time of discharge ; and (4) he was either (i) replaced by someone outside the protected class, (ii)

replaced by someone younger, or (iii) otherwise discharged because of his age. *Rachid v. Jack in the Box* 376 F.3d 305, 309 (5th Cir. 2004); *Palasota v. Haggar Clothing Co.*, 342 F.3d 569, 576 (5th Cir. 2003). In short, to state a prima facie case plaintiff must present the court with, "'evidence adequate to create an inference that an employment decision was based on a[n] [illegal] discriminatory criterion . . .'" *O'Connor v. Consolidated Coin Caterers Corp.*, 517 U.S. 308, 312 (1996) (citing *Teamsters v. United States*, 431 U.S. 324, 358 (1977)).

Once the plaintiff satisfies the *prima facie* case requirement, the burden shifts to the defendant to articulate a legitimate reason for the employee's termination. If the defendant is successful, the plaintiff must provide sufficient summary judgment evidence to submit to a jury the question of whether (1) the defendant's articulated reason was false and a pretext for discrimination; or (2) the defendant's reason, while true, was not the motivating factor behind the decision to fire the plaintiff. *See Rachid v. Jack in the Box* 376 F.3d 305, 312 (5th Cir. 2004) (adopting a modified Macdonald-Douglas framework for ADEA cases). "If a plaintiff demonstrates that age was a motivating factor in the employment decision, it then falls to the defendant to prove 'that the same adverse employment decision would have been made regardless of discriminatory animus.'" *Id.* (citing *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1217 (5th Cir. 1995)).

## IV.   APPLICATION OF LAW TO THE FACTS

Swearingen has stated a prima facie case for age discrimination – he was 45-years-old, qualified for his job, fired and replaced by a younger worker[1]. A2D has introduced evidence supporting its claim that it terminated Swearingen for non-discriminatory reasons. Namely, his penchant for watching and listening to baseball games during work, making racist comments, and threatening workers. This motion, therefore, turns on whether Swearingen has introduced sufficient evidence to meet A2D's articulated legitimate reason and submit the case to a jury.

---

[1] A2D questions whether Swearingen's replacement by a younger worker eight months after his dismissal is sufficient to satisfy the fourth prong of the prima facie case requirement. The court finds that under these circumstances it is.

The Fifth Circuit has observed that "The salutary function of summary judgment in the employment discrimination arena [is that] summary judgment allows patently meritless cases to be nipped in the bud . . . Where there is only an 'attenuated possibility that a jury would infer a discriminatory motive' . . . proceeding . . . serves no useful function." *Thornbrough v. Columbus and Greenville R.R. Co.*, 760 F.2d 633 (5th Cir. 1985) (internal citation omitted). This case presents just such an "attenuated possibility." To survive summary judgment, Swearingen must offer sufficient evidence to create a genuine issue of material fact 'either (1) that A2D's reason was not true, but was instead a pretext for discrimination (pretext alternative); or (2) that A2D's reason, while true, was only one of the reasons for its conduct, and another "motivating factor" was Swearingen's age (mixed motives alternative). *Rachid*, 376 F.3d at 312. Under either of these standards, a necessary element is evidence of a discriminatory motive. It is here the Swearingen's claim fails.

In an attempt to meet his burden, Swearingen has introduced portions of his own deposition ("Swearingen Deposition") and an affidavit signed by one of his co-workers, Justin Whitmire ("Whitmire affidavit"). Broadly, Swearingen's evidence breaks down into two categories: evidence attacking the veracity of A2D's articulated reason for dismissing him and evidence from which a jury could infer discriminatory motivation.

Swearingen disputes some of the factual statements made by A2D. Specifically, he maintains that he was never counseled by management against his various modes of work-time entertainment or against making racist jokes and/or comments. He admits he did watch and listen to baseball games, but he denies ever making racist comments. The Whitmire affidavit does not address any specific incidents. It states that Swearingen was generally well liked and a good worker. Neither of these documents contest that Swearingen threatened his co-workers, the principle reason A2D maintains it fired him.

On the question of motive, neither the Swearingen deposition nor the Whitmire affidavit point to any concrete acts from which a jury could infer age based animus. Rather, they make

conclusory allegations that younger employees were treated better. The fact remains that Swearingen was hired at age 43 and fired at age 45. The Supreme Court in *O'Connor* wrote that an inference of discrimination cannot arise from the replacement of a worker with another worker insignificantly younger. 517 U.S. at 313. Similarly here, an inference of discrimination cannot arise from the dismissal of a worker insignificantly older. Undoubtedly, Swearingen feels he did not deserve to be terminated. This, however, is not enough.

## V.     CONCLUSION & ORDER

For the foregoing reasons, the court ORDERS that Defendant A2D Technologies's motion for summary judgment is GRANTED.

**SIGNED** at Houston, Texas, this 9th day of March, 2006.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE